TOWN OF OYSTER BAY, Appellant, v. THE NORTH SHORE COUNTRY CLUB, INC., and RALPH C. STEVENSON, Respondents.— Order striking a case from the calendar on the ground that it was not at issue because of the service of an amended complaint and because of its being reached on the calendar before the time for the service of an answer to that pleading had expired affirmed, with fifty dollars costs and disbursements to The North Shore Country Club, Inc. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

JOHN WEIS, Respondent, v. LONG ISLAND RAILROAD COMPANY, Defendant, and THE CITY OF NEW YORK, Appellant.— Action for personal injuries. The automobile in which the plaintiff was riding struck a guard log in the middle of a roadway on a bridge maintained by the city. The theory of the action is that the city did not properly maintain and illuminate a dangerous condition. Plaintiff had a verdict of a jury. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

LILLIAN WILLIAMSON, Respondent, v. MICHAEL J. DELEHANTY, Doing Business under the Trade Name and Style of " THE DELEHANTY INSTITUTE OF CIVIL SERVICE," Appellant.— Action to recover for personal injuries sustained by plaintiff in hurdling a jumping apparatus in defendant's gymnasium, where plaintiff was a student. Judgment entered on the verdict of a jury in favor of plaintiff reversed on the facts and a new trial granted, costs to abide the event. The finding that at the time defendant's instructor directed plaintiff to jump, the position of the mat was not open and obvious to the plaintiff is contrary to the weight of the evidence. The appeal from the order denying defendant's motion for a new trial on the ground that certain jurors withheld information from counsel before they were accepted is dismissed, without costs. In view of the reversal of the judgment, the matter has become academic. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.